IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Quentin Bullock | ) **04C 1051** |
|                Plaintiff | ) No. |
| vs. | ) JUDGE |
| | ) MAGISTRATE |
| MICHAEL SHEAHAN, | ) |
| SHERIFF OF COOK COUNTY, | ) JUDGE BUCKLO |
| in his official capacity | ) |
| and Cook County | ) |
|                Defendant | ) MAGISTRATE JUDGE SCHENKIER |

**DOCKETED FEB 1 1 2004**

## COMPLAINT

Now comes the Plaintiff, Quentin Bullock, by and through his attorneys, Thomas G. Morrissey, Ltd., and Robert H. Farley, Jr. and complains of the Defendants as follows:

This is a Civil Action for damages to redress deprivations under color of law of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42 U.S.C. Sections 1983 and 1988.

## FACTS

1. Plaintiff Quentin Bullock, also known as Robert Bullock, is a resident and citizen of the State of Illinois.

2. Defendant MICHAEL SHEAHAN is the Sheriff of Cook County. He is sued herein in his official capacity. At all times relevant hereto, the defendant was acting under color of law of the state of Illinois.

3. Defendant Cook County, under Illinois law, funds the Office of the defendant Sheriff, and is therefore required to pay a judgment entered against the sheriff's office in it's official capacity.

4. On July 17,2002, the Plaintiff was arrested for armed robbery and subsequently incarcerated in Division One at the Cook County Department of Corrections ("Jail").

5. On the morning of December 17, 2003, the plaintiff's case was tried at the Criminal Courts Building located at 2600 S. California, in Chicago, Illinois. After a bench trial, Circuit Court Judge Clay found the plaintiff not guilty of the pending charge and the Court entered an order requiring the Sheriff to release the plaintiff from custody.

6. Pursuant to the Sheriff's procedures, plaintiff was required to return to the Cook County Jail to be administratively processed out of Jail.

7. After the hearing, the plaintiff was taken back into custody by the Sheriff's Office for the limited purpose of administratively processing his release. The Sheriff has a practice which requires all inmates to return to the jail after their court appearance even though a judge has ordered their release from custody.

8. After returning to the Jail at approximately 1:45 p.m., the plaintiff was placed back into the same lockup facility in Division One which he had been incarcerated in prior to going to court that morning. As a direct and proximate result of the

Sheriff's release practice, the plaintiff was held an additional eight and one-half hours after being returned to the Cook County Jail. He was not released from the Sheriff's custody until approximately 10:15 p.m. that night.

9. On information and belief, the Sheriff has issued General Orders in regards to the release of female inmates with court ordered releases. Within these General Orders, the Sheriff has promulgated procedures for the prompt release of female inmates.

10. On information and belief, the vast majority of similarly situated female inmates with court ordered discharges are released in less than two hours after arriving back at the Jail from court.

11. Defendant SHEAHAN at all times relevant to this complaint is a policy maker for the C.C.D.O.C.

12. At all times relevant to this complaint, the defendant, as Sheriff of Cook County, has the duty to establish procedures and policies and to train deputy sheriffs and C.C.D.O.C. employees to prevent unreasonable delays in releasing both male and female inmates from custody after pending criminal charges are disposed of by a court of law.

13. In 1994, Michael Sheahan was named as a defendant in a class action lawsuit entitled <u>Denise Watson, et al., vs. Michael Sheahan, et al.</u>, No. 94 C 6891. In that litigation, the plaintiff class alleged that the defendant violated their constitutional rights by subjected them to prolonged and excessive periods of detention after there had been judicial determinations that there was no longer a basis for their detention, other than that they

should be processed for release. The <u>Watson</u> class alleged that there was a widespread and systematic practice at the Jail of delaying the release of individuals after judicial orders were entered requiring the release of individuals.

14. In the fall of 1996, defendant Sheahan entered into a settlement with the plaintiff class in <u>Watson</u>. The class included approximately 51,000 male and female inmates who were held for excessive periods of time at the Jail after receiving a judicial order requiring their release.

15. James Ryan is the Sheriff's Chief of Operations. He has testified in a deposition that although he was aware that the Sheriff entered into a settlement of the <u>Watson</u> class action, he does not recall any procedures which were put in place for inmates after the settlement to correct the systematic problems in regards to releasing individuals after they receive court ordered discharges.

16. Dennis Andrews, is currently the Superintendent of Division One where the plaintiff was housed. Previously he was in charge of the unit which was responsible for processing court ordered discharges after the <u>Watson</u> settlement. Mr. Andrews has testified that after the settlement, he failed to properly supervise the employees assigned the task of processing individuals with court ordered releases and he also admitted that after the <u>Watson</u> settlement, individuals were still being held up to nine hours at the Cook County Jail after they received orders from the courts requiring their release from custody.

4

17. On information and belief, after the Sheriff entered into the settlement in Watson, male inmates with court ordered releases continued to be detained at the Jail for excessive periods after the courts had ordered their releases.

18. At all times relevant to this complaint, Defendant SHEAHAN had actual knowledge of the widespread and systemic delays in releasing male individuals with court ordered releases at the Cook County Jail. He is also aware of the Jail's General Orders which set forth the procedures for the prompt release of female inmates.

19. Although the Sheriff was on notice of his defective procedures for releasing male inmates with court ordered releases, the Sheriff continued the following policies, practices, customs, and procedures regarding the processing for the release of male individuals in the Jail, where a determination has been made that an inmate is to be released:

    A. After the order of release or other appropriate order regarding a detainee's status is entered by the court, the policy, practice, and custom of the deputy sheriff assigned to the relevant court room is to put that individual in a holding cell adjacent to the court room for an indeterminable period.

    B. The detainee then must wait for Sheriff's employees to pick them up from the courthouse wherein they are being held to transport them back to the Cook County Department of Corrections.

C.  Upon his return to the Cook County Department of Corrections at 26th and California, the detainee is placed in a bullpen in the Receiving Room of Division Five prior to being returned back to his division cell.

D.  While the individual is in his division cell waiting for his release, his paperwork is reviewed by the Records Department.

E.  There is inadequate supervision of the employees within the Records Department to insure that priority is given to the processing of the paperwork of male inmates who have been to court that day and have received an order to be released. The vast majority of individuals returning from court each day are to be further detained and do not receive a release order or an I-Bond.

F.  After the Records Department completes its review for a group of individuals, a call is placed to each individual's division with instructions that the individual should be brought back to the Receiving Room. This procedure, in itself can take up to two hours until the individuals arrive back in the Receiving Room.

G.  Once in the Receiving Room, a fingerprint is made to ensure that the individual is the proper person being released. It can take one hour or more before the individual is released from the Receiving Room to the outside world.

20. The Sheriff failed to establish appropriate procedures

and practices to insure the prompt release of male detainees from custody after there has been a court determination that there are no longer criminal charges pending against the person.

21. The Sheriff failed to properly train and supervise the deputy sheriffs and C.C.D.O.C. employees responsible for processing such male detainees to prevent unreasonable delays in releasing such persons from custody.

22. The detention of plaintiff for approximately eight and one-half hours after judges determined he should be released constitutes deliberate indifference to the rights of the plaintiff, in violation of the Fourth Amendment right not to be detained for an unreasonable time and the Fourteenth Amendment's Equal Protection Clause of the U.S. Constitution due to the fact that similarly situated female inmates are release from custody promptly.

23. Despite the fact that defendant SHEAHAN has personal knowledge of the administrative delays in releasing male inmates, and the unequal treatment of male inmates after they receive a judicial release, SHEAHAN has failed to implement changes in the Jail's release practices for male inmates.

As a direct and proximate result of the Sheriff's policies, practices and procedures of failing to promptly and expeditiously process detainees for release, plaintiff was detained for approximately eight and one-half hours after receiving judicial orders of release. Additionally, plaintiff lost time from his normal endeavors, and suffered great emotional pain and

embarrassment.

Wherefore plaintiff prays for an award of Fifty thousand dollars and his attorneys fees and cost.

_____
Plaintiff's Attorneys

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, Il. 60540
(630)-369-0103

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

DOCKETED
FEB 11 2004

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Quentin Bullock

## DEFENDANTS
Sheriff Michael Sheahan, In his Official Capacity

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04C 1051
JUDGE BUCKLO
MAGISTRATE JUDGE SCHENKIER

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas G. Morrissey
10249 S. Western
Chgo, Il. 60643

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Federal Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** — ☐ 362 Personal Injury — Med. Malpractice, ☐ 365 Personal Injury — Product Liability, ☐ 368 Asbestos Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** — ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits |  | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983 — Excessive and unreasonable detention

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 2-11-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

DOCKETED
FEB 1 1 2004

In the Matter of

Quentin Bullock
v.
Michael Shenhan, Sheriff
of Cook County

Case Number: **04C 1051**

JUDGE BUCKLO
MAGISTRATE JUDGE SCHENKIER

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Quentin Bullock

| (A) | (B) |
|---|---|
| SIGNATURE: Thos T Morrissey | SIGNATURE: |
| NAME: Thomas G. Morrissey | NAME: |
| FIRM: Thomas G. Morrissey, Ltd. | FIRM: |
| STREET ADDRESS: 10249 S. Western Ave | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60643 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 773-233-7900  FAX NUMBER: 773-239-0387 | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: TGMLAW at Ameritech.net | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 3125372 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

04 FEB 11 AM 9:19
U.S. DISTRICT COURT CLERK
FILED FOR DOCKETING ED-7

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER:  FAX NUMBER: | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |