Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1051 | **DATE** | 11/19/2004 |
| **CASE TITLE** | Bullock, et al. Vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's motion for class certification is granted as set forth in the Memorandum Opinion and Order attached hereto. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 11-22-04 date docketed | |
| | Notified counsel by telephone. | | | 40 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 11/19/2004 | |
| | Copy to judge/magistrate judge. | 2004 NOV 19 PM 5:47 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 2 2 2004

QUENTIN BULLOCK and JACK REID, )
individually and on behalf of a )
class of all those similarly )
situated, )
)
        Plaintiffs, )
)
v. )   No.  04 C 1051
)
MICHAEL F. SHEAHAN, Sheriff of )
Cook County in his official )
capacity, and COOK COUNTY, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Quentin Bullock (also known as Robert Bullock) and Jack Reid allege that defendants Michael Sheahan, Cook County Sheriff, and Cook County have a policy and/or practice under which Mr. Bullock and Mr. Reid were subjected to strip-searches upon returning to the Cook County Department of Corrections (CCDC) for out-processing. On July 17, 2002, Mr. Bullock was arrested for armed robbery and committed to the custody of the CCDC. Following a bench trial on December 17, 2003, Mr. Bullock was found not guilty and was returned to the CCDC for out-processing pending release. On May 1, 2003, Mr. Reid was arrested on a felony charge and also committed to the custody of the CCDC. Following a bench trial on September 23, 2003, Mr. Reid was also found not guilty and returned to the CCDC for out-processing.

After their respective trials and return to the CCDC, both plaintiffs allege that they were subjected to a strip search prior to their release, in accordance with the defendants' policy and/or practice. Plaintiffs further allege that while male inmates are subjected to such searches, female inmates are not. In contrast, women returned to the CCDC for out-processing are placed in a holding cell while CCDC staff checks for additional cases or holds involving the individual. Once the staff confirms that no other reason exists to hold the individual, women have their civilian belongings returned, have their identity confirmed, and are released. Plaintiffs allege that this differential treatment violates their rights under the Fourth and Fourteenth Amendments. Plaintiffs move for class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. I GRANT that motion.

I.

In order to certify a class, I must determine that the four prerequisites of Fed. R. Civ. P. 23(a) are met, and that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately

protect the interests of the class. With respect to Rule 23(b), plaintiffs here proceed under 23(b)(3), which requires that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

A.

Plaintiffs bear the burden of showing that the proposed class satisfies all the requirements of Rule 23. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). As an initial matter, plaintiffs must show that they have presented a definable class. *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 658 (N.D. Ill. 1989). Defendants argue that plaintiffs have not done so. Plaintiffs' proposed class consists of inmates who have returned to the jail following a court order for their release, and who were strip searched upon that return. Defendants contend that this class is too vague and overbroad, arguing that judges do not determine whether an individual should continue to be held, simply whether they should be held on a particular charge. I disagree. Defendants can determine, prior to any need for a strip search of an inmate returning from court, whether a given inmate will be released pursuant to the court order or will be reentering the jail population. In fact, defendants are operating under a court order prohibiting them from strip searching female inmates who in every

other way match this proposed class of male inmates. Plaintiffs have proposed a sufficiently well-defined class.

B.

For a class to be certified, plaintiffs first must show that the affected class is so numerous that joinder is impractical. FED. R. CIV. P. 23(a)(1). While defendants contest whether plaintiffs have satisfied the numerosity requirement, their arguments are based on the issues of vagueness and overbreadth addressed above. Plaintiffs estimate the number of affected individuals is over 20,000, based on a similar class of female inmates which numbered well over 10,000. This is sufficient to satisfy the numerosity requirement. *See Daniels v. Blount Parrish & Co., Inc.*, 211 F.R.D. 352, 353 (N.D. Ill. 2002).

Defendants also argue that Mr. Bullock and Mr. Reid do not meet the Rule 23 commonality, typicality, or adequate representation requirements.

The issues of commonality, typicality, and adequacy of the named plaintiffs to represent the proposed class often overlap.[1] *Gen. Telephone Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). To show commonality, plaintiffs must show that the proposed class shares common questions of law or fact. *Krislov v. Rednour*, 946 F. Supp. 563, 568 (N.D. Ill. 1996). Where, as here, "a question of

---

[1] Defendants are not challenging the competency of plaintiffs' counsel, the second prong of the adequacy of representation requirement.

law refers to standardized conduct by defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met." *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988). Defendants again argue that commonality does not exist because the class is undefined and overbroad; this argument fails for the reasons discussed above. Plaintiffs allege that defendants' policy of strip searching male inmates under the stated conditions violates their Fourth and Fourteenth Amendment rights. That issue is central to the claims of the proposed class; the commonality requirement is met.

Typicality is shown when the named plaintiffs' claims arise from the same event or practice as the claims of the proposed class and are based on the same legal theory. *Patrykus*, 121 F.R.D. at 362. If the claims are based on the same legal theory, even factual differences among class claims need not defeat typicality. *Id.* The named plaintiffs' claims and the claims of the class arise from defendants' practice of strip searching male inmates under the stated conditions. The claims proceed on the legal theory that this practice violates the inmates' Fourth and Fourteenth Amendment rights. Defendants argue that typicality is defeated because the named plaintiffs allege that they were closely supervised while away from the jail and other potential class members may not have been so closely supervised. Potential factual differences

5

concerning the level of supervision of inmates are not sufficient to defeat typicality.

Finally, adequacy of representation with respect to the named plaintiffs requires that the named plaintiffs not have a conflict of interest that would prevent them from adequately protecting the claims of other class members. *Patrykus*, 121 F.R.D. at 362. Defendants again raise the issue of differing levels of supervision to argue that the named plaintiffs cannot adequately represent the proposed class. The proposed class is challenging the constitutionality of the defendants' policy on strip searches, regardless of the level of scrutiny for each individual inmate. Plaintiffs can adequately represent the class.

C.

The proposed class must also fit under least one section of Rule 23(b). Plaintiffs move for certification of the proposed class under Rule 23(b)(3), which requires that common questions of law or fact predominate over individual issues among the class, and that a class action be the superior option for resolving those questions. FED. R. CIV. P. 23(b)(3). Defendants argue that individual issues relating to damages will predominate over the question of whether the male inmates' constitutional rights have been violated. Plaintiffs seek only monetary damages and the amount of damages each plaintiff is entitled to will rely, in part, on the level of emotional distress experienced by that plaintiff.

However, the fact that damages may vary among plaintiffs is not a sufficient reason to deny certification. *See, e.g., Calvin v. Sheriff of Will Cty.*, No. 03-C-3086, 2004 WL 1125922, at *5 (N.D. Ill. May 17, 2004).

Defendants also argue that because of the large number of potential class members, the proposed class is not manageable.[2] However, the central issue is whether defendants have violated the constitutional rights of male inmates by subjecting them to a strip search after a judicial release from custody. Assuming defendants are found liable on this central issue, I may choose to certify subclasses, hold individual hearings, or otherwise divide the class for the purpose of determining damages. *See, e.g., Calvin*, 2004 WL 1125922 at *5.

II.

Plaintiffs' motion for class certification is granted. A class is certified consisting of those persons described in plaintiffs' motion:

> All male inmates who, on or after February 12, 2002, have been subjected to defendants' policy, practice and custom of strip searching, without reasonable suspicion that the inmate is concealing a weapon or other contraband, at the Cook County Department of Corrections following their return from court after there is a judicial determination that there is no

---

[2] Defendants estimate that the class may include between 60,000 and 120,000 individuals. Notably, defendants earlier argued that the plaintiffs had failed to show that the class was sufficiently numerous.

7

longer a basis for their detention, other than to be processed for release.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 19, 2004