# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| QUENTIN BULLOCK, and JACK REID, individually and on behalf of a class,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL SHEAHAN, SHERIFF OF COOK COUNTY, in his official capacity, and COOK COUNTY,<br><br>    Defendants. | No. 04 C 1051 |

## MEMORANDUM OPINION AND ORDER

Defendants Michael Sheahan and Cook County (collectively "defendants") have moved to strike certain portions of plaintiffs Quentin Bullock and Jack Reid's (collectively "plaintiffs") motion for summary judgment. For the following reasons, the motion is granted in part and denied in part.

### I.

Plaintiffs' amended complaint alleges violations of the Fourth and Fourteenth Amendments of the U.S. Constitution based on the defendants' alleged policy and/or practice under which male inmates, in the custody of the Cook County Department of Corrections ("CCDC"), are subjected to strip searches upon returning to the CCDC for out-processing after being ordered released. Specifically, plaintiffs allege that

> [p]ursuant to the Sheriff's practice and/or policy, after returning to the Jail . . . Mr. Bullock was taken into a hallway with thirty other inmates, and required to remove

all his clothing. While naked, Mr. Bullock was ordered by employees of the Sheriff to extend his arms and legs apart, to squat three or four times, and then to cough while squat[t]ing.

(Compl. at ¶ 10.) The complaint makes substantially similar allegations with respect to Reid. (Id. at ¶ 11.) Bullock and Reid had been ordered released after being found not guilty of the charges against them. The complaint also alleges that female inmates are not subjected to such searches and, therefore, this policy and/or practice violates the Equal Protection clause.

Defendants contend plaintiffs improperly seek summary judgment on unpled theories of liability and move to strike. Plaintiffs' motion seeks summary judgment on the following four claims:

> 1. The strip searching of all male court discharges and not all female court discharges violates the Equal Protection Clause.
> 2. The strip searching of all male court discharges in large non private group settings with up to fifty inmates while the female court discharges, who opt to return to the housing divisions, are afforded privacy violates the Equal Protection Clause.
> 3. The strip searching of all male court discharges not based upon reasonable suspicion that they are concealing contraband violates the Fourth Amendment.
> 4. Assuming arguendo, the Defendants are entitled to strip search all male court discharges, the manner in which the strip search is conducted, in large non private group settings violates the Fourth Amendment.

(Def. Mot. to Strike Ex. D.) Defendants move to strike the second and fourth claims.

The factual allegations contained in the complaint satisfy notice pleading standards with respect to all of the Fourth Amendment and Equal Protection claims identified in the motion for

2

summary judgment. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007). Nevertheless, defendants contend that these claims come as a surprise because they were never addressed by plaintiffs during fact or expert discovery. Defendants also move to strike certain exhibits attached to plaintiffs' motion for summary judgment, including deposition transcripts, affidavits, and other documents submitted by high ranking officials at CCDC, on the ground that they have not been previously disclosed and plaintiffs represented they "had no intention of using testimony from such transcripts in the pending case."

The defendants, as movants, have not provided specific evidence of any misrepresentations or sandbagging other than an affidavit stating that discovery did not focus on the privacy issue. Moreover, plaintiffs explained in court that the purportedly unpled theories did not require any specific expert discovery from their part, and therefore none was conducted.

I find defendants had notice of the claims and the motion to strike the second and fourth claims is denied, but – consistent with the parties' representations in court on October 22, 2007 – defendants are granted time to conduct additional discovery on the exhibits at issue. Plaintiffs have indicated they do not have an objection to additional discovery.

II.

For the foregoing reasons, defendants' motion is granted in part and denied in part. Defendants have until December 31, 2007 to complete discovery on the exhibits at issue and plaintiffs must provide complete copies of the deposition transcripts included among the exhibits at issue.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**

United States District Judge

Dated: November 5, 2007