# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1051 | **DATE** | 5/23/2011 |
| **CASE TITLE** | Bullock vs. Dart | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Bar Plaintiff Reid from Taking Award [471] is granted.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

    In March 2011, the parties in this suit entered into a settlement agreement. One term of the agreement stipulated that Reid was to receive an "incentive award" of $25,000 for serving as one of the representatives for the plaintiff class. Defendants later discovered that, during bankruptcy proceedings in 2010, Reid certified that he had no legal claims of any value. Defendants claim that Reid's debts were ultimately discharged on the basis of the latter representation, and that, as a result, he is now judicially estopped from recovering the incentive award. I agree.

    "Judicial estoppel provides that a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a subsequent one." *Medmarc Cas. Ins. Co. v. Avent America, Inc.*, 612 F.3d 607, 613 (7th Cir. 2010). "It is an equitable concept designed to protect the integrity of the judicial process and "to prevent litigants from playing fast and loose with the courts." *Butler v. Village of Round Lake Police Dept.*, 585 F.3d 1020, 1022 (7th Cir. 2009) (quotation marks and citation omitted). "Its purpose is to prevent a litigant from prevailing twice on opposite theories." *Id.*

    Reid maintains that the omission of the claim during the bankruptcy proceedings was inadvertent. Except for his say-so, however, he offers no evidence in support of this contention. Reid additionally relies on the fact that he has recently been given permission by the bankruptcy court to reopen his case and to report the $25,000 payment. Thus, he argues that his bankruptcy action will be modified and his previous omission of the payment will not benefit him. Once again, however, Reid's assertions are based

| STATEMENT |
|---|

largely on his own speculations. Indeed, even if Reid's contention is true and he ultimately does not benefit from the omission, the Seventh Circuit has made clear that judicial estoppel still applies. As the court has explained:

> a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future. To hold otherwise would give debtors an incentive to game the bankruptcy system. Debtors could take a wait-and-see approach to disclosure by prosecuting an undisclosed claim while waiting to see how favorably the bankruptcy proceeding unfolds before discharge. That approach would undermine both the primary aim of judicial estoppel, which is to protect the integrity of the judicial process, and the bankruptcy law's goal of unearthing all assets for the benefit of creditors.

*Williams v. Hainje*, 375 Fed. App'x. 625, 628 (7th Cir 2010) (citations omitted).

For these reasons, defendants' motion to bar is granted.