IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUENTIN BULLOCK and JACK REID, Individually and on behalf of a class, | )<br>)<br>) |
| Plaintiffs, | ) No. 04 C 1051<br>) |
| vs. | ) JUDGE BUCKLO<br>)<br>) MAGISTRATE SCHENKIER |
| MICHAEL SHEAHAN, SHERIFF OF COOK COUNTY, in his official capacity and COOK COUNTY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO RECONSIDER RULING BARING
PLAINTIFF JACK REID FROM RECEIVING SETTLEMENT**

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd. and Robert H. Farley, Jr., Ltd. and move this Honorable Court to Reconsider Ruling Baring Plaintiff Jack Reid From Receiving Settlement. In support of this motion, plaintiffs state as follows:

1. On May 23, 2011, this Court entered an order baring plaintiff Jack Reid from receiving his settlement award in the above captioned case.

2. On May 12, 2011, Judge Hollis entered an order granting Mr. Reid motion to reopen the Chapter 7. On June 15, 2011, Mr. Reid appeared and presented testimony before N. Neville Reid, the bankruptcy trustee, concerning the reason why he initially failed to discuss his interest in the above captioned case at the time he filed his bankruptcy petition.

1

3. As more fully explained in the Plaintiff's Memorandum of Law and sworn declaration, Mr. Reid simply "forgot and thought the lawsuit was no longer active " at the time his bankruptcy petition was prepared.

Wherefore, Plaintiff request this Court to vacate the Order entered on May 23, 2011, and transfer this matter to the Bankruptcy Court or in the alternative to conduct an evidentiary hearing to determine whether Plaintiff Reid inadvertently misrepresented or deliberately misled the Bankruptcy Court regarding his stake in the above captioned litigation.

Respectfully Submitted,

/s/ Thomas G. Morrissey
One of the Attorneys for the Plaintiffs

Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd..
1155 S. Washington Street
Naperville, IL 60540
Phone: 630-369-0103
Fax:    630-369-0195

Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 50543
Phone: 773-233-7900
Fax:    773-239-0387

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUENTIN BULLOCK and JACK REID, Individually and on behalf of a class, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY, in his official capacity and COOK COUNTY, ) ) ) ) | Case No.: 04 C 1051 |
| ) | Judge: Elaine Bucklo |
| Defendants. ) | |

**PLAINTIFFS MEMORANDUM OF LAW TO RECONSIDER DENIAL OF PLAINTIFF REID'S INCENTIVE AWARD**

Now comes Plaintiff Jack Reid by and through his attorney, Thomas G. Morrissey and Robert H. Farley, Jr., and requests this Court to reconsider a denial of his incentive award pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff Jack Reid received a finding of not guilty almost eight years ago in a criminal case tried in the Circuit Court of Illinois. Following the trial, the criminal court judge entered a standard order requiring the Sheriff of Cook County to release Mr. Reid from custody. Pursuant to his existing policy, the Sheriff brought Mr. Reid back to the Jail later that day and subjected him to a demeaning strip search prior to releasing him from custody.

On February 24, 2004, Mr. Reid and Mr. Bullock filed the instant lawsuit against the Sheriff of Cook County and the case was certified as a class action on November 22, 2004 after this Court found that Mr. Bullock and Mr. Reid were adequate to represent the class. *Bullock v.*

1

*Sheahan*, 225 F.R.D. 227 (Northern Dis. Ill., 2004). On March 18, 2011, after reviewing the terms of the Class Settlement Agreement (the "Agreement") the Court approved the settlement. ( Dkt. 468).

By the time Mr. Reid filed a petition for discharge of his debts in the bankruptcy court on March 10, 2010, seven years had passed since the filing of his civil rights case. After actively participating in the litigation in 2004 and responding to all of defendants' discovery, Mr. Reid was not required to respond to any additional discovery. During the intervening seven year period prior to filing for bankruptcy, Mr. Reid fell on hard times and was periodically homeless. (Exhibit A, pars. 4,5). In March of 2010, when he informed his bankruptcy attorney that that he was not a party to any lawsuits, he did not intentionally and knowingly lie. The simple truth is that he had forgotten about this lawsuit . (Exhibit A, par. 7). On May 12, 2011 Judge Hollis reopened the Jack Reid's bankruptcy case and permitted him to file amended schedules B and C. (Exhibit C, Bankruptcy Dkt. 22 )

## JUDICIAL ESTOPPEL SHOULD NOT BAR PLAINTIFF REID WITHOUT AN EVIDENTIARY HEARING

This Courts general application of judicial estoppel, prior to an evidentiary finding is inappropriate. If Mr. Reid is allowed to testify before this Court, he will state that he did not intentional hide his participation in this lawsuit when he filed for bankruptcy protection. He simply forgot that he had this claim when he filed his bankruptcy petition. ( Exhibit A, par 7) At the time Reid sought bankruptcy relief, there were no ongoing settlement discussion between the parties and Mr. Reid had not been in touch with class counsel for over seven years (Exhibit A, 5) In *New Hamshire v. Maine*, 532 U.S. 742 (2001) the Court recognized that " it may be appropriate to resist application of judicial estoppel "where a party's prior position was based on

2

inadvertence or mistake." *New Hampshire v. Maine*, 532 U.S. 742 (2001) (quoting *John S. Clark Co. v Faggert & Frieden, P. C.*, 65 F.3d 26, 29 (4th Cir. 1995); *see also Zedner v. U. S.*, 547 U. S. 489, 504 (1976) (noting equitable estoppel "is equitable and cannot be reduced to a precise formula or test"). The Supreme Court recommends that courts consider three factors to measure whether judicial estoppel is appropriate:

> First a party's later position must be clearly inconsistent with its earlier position. Second courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position…A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Zedner,* 547 U.S. at 504 (citing *New Hampshire*, 532 U.S. at 750-751) (internal quotations omitted).

In light of the third consideration of *New Hampshire*, it is highly unlikely Plaintiff Reid's inadvertent error created an unfair advantage for Reid or impose an unfair detriment on Defendants. Plaintiff Reid, although a named plaintiff, is merely one of many men subject to Defendants strip search policy and practice, the central focus of the above captioned case. Reid actively participated in discovery in 2004 when he responded to Defendants interrogatories and was deposed. (Exhibit A, par 3). After 2004 Reid lived a transient lifestyle and did not have reason to actively engage class counsel. *Id.* par. 4. When Reid filed bankruptcy in March 2010, he inadvertently forgot about his involvement in the litigation. *Id.* par 7. Furthermore there is no evidence that defendants relied to their detriment on Plaintiff Reid's inadvertent misrepresentation when they entered into the Agreement with Class Counsel.

This Court's reliance on *Williams v. Hainje*, 375 Fed.Appx. 625 (7th Cir. 2010), to bar Reid's incentive award is misguided since the Seventh Circuit's holding centered on the plaintiff's intentional misrepresentation to the court. In *Hainje*, the Seventh Circuit held judicial estoppel barred the plaintiffs civil suit where a lower court made a determination that he

3

intentionally failed to disclose a pending and potentially lucrative civil claim. *Id.* 628. Two years after plaintiff filed a civil rights suit pertaining to an attack by a police dog where he sustained injuries, plaintiff filed for Chapter 13 protection. *Id.* at 626. A portion of debt relief plaintiff sought directly related to medical expenses as a result of the dog attack. *Id.* Additionally, the court reasoned plaintiff failed to disclose the "lucrative claim twice" and the civil rights suit was "active and well into discovery." The court feared "[t]o hold otherwise would give debtors an incentive to game the bankruptcy system. *Id.* at 627 (citing *Eastman v. Union Pac. R.R. Co.,* 439 F.3d 1151, 1159 (10th Cir. 2007)). While the court recognized "judicial estoppel may be inappropriate where there is evidence that nondisclosure was inadvertent" the facts before the court were highly suggestive that plaintiff maintained knowledge of both proceedings and intentionally misled the bankruptcy court.

This Court incorrectly applied the fact specific holding of *Hainje* to deny Plaintiff Reid his incentive award. The court's concern in *Hainje* centered on the integrity of the bankruptcy system with a fear that individuals may seek protection by intentionally misleading the courts with the intent to "game the system." While circumstances in *Heinje* support the proposition plaintiff intentionally misled the judicial system, facts pertaining to Plaintiff Reid support the opposite conclusion.

First, the timing of plaintiffs petition for bankruptcy is relevant. In *Heinje* bankruptcy protection was sought two years after the commencement of civil litigation, whereas Reid filed for protection around seven years after commencement of his civil-rights action. (Exhibit A, par. 2). The seven year gap supports an inference that the civil-rights litigation was not fresh in the memory of Plaintiff Reid and therefore was an inadvertent mistake rather than an intentional misrepresentation.

4

Second, the activity relating to the civil litigation is relevant. Whereas in *Heinje* the suit was "active and well into discovery," Plaintiff Reid's suit was well past the close of discovery and the litigation was stagnant. Reid satisfied all of Defendants discovery requests by August 2004 by responding to interrogatories and sitting for a lengthy deposition. ( Exhibit A, par. 3). Furthermore, discovery for the class closed on December 19, 2007, more than two years before Reid filed bankruptcy in March 2010. ( Dkt. 311). During this seven year period, Reid did not communicate with class counsel to inquire about the status of the case. (Exhibit A, par 5) The status of this litigation remained in flux for years after discovery closed and the potential for Plaintiff Reid to receive a "lucrative claim" was uncertain. Since seven years passed where Reid lost touch with Class Counsel, it is a reasonable inference that he inadvertently forgot about the litigation when he filed bankruptcy.

Third, the knowledge and activity of the plaintiff pertaining to his civil claim is probative to measure whether an inference of intent to mislead the bankruptcy court is present. *Hainje* was an individual claim against the police and the plaintiff had an ongoing, active role in the litigation. Additionally, plaintiffs bankruptcy petition, in part, requested relief proximately caused from the action pertaining to the civil suit. In contrast, Reid's civil-rights suit evolved into a class action where thousands of men became class members. While he initially played an active role in the litigation when he was deposed by Defendants and maintained contact with Class Counsel, Plaintiff Reid became detached from the case. (Exhibit A, par. 3-8). Subsequently he led a transient lifestyle where suffered bouts of sadness when he lost his wife, sporadically held a job, and, at times, was homeless. *Id.* When Plaintiff Reid petition for Chapter 7 protection in March 2010 he inadvertently omitted the above captioned litigation.

## IN THE ALTERNATIVE, THE SETTLEMENT AGREEMENT GOVERNS THE TERMS OF PLAINTIFF REID'S "INCENTIVE AWARD" AND SHOULD BE MADE IN ACCORDANCE WITH THE BANKRUPTCY LAWS

The settlement agreement, which is attached as Exhibit B, provides, in part as follows:

> The named plaintiffs, Quentin Bullock and Jack Reid will, subject to the approval of the Court...each receives an incentive award of $25,000. ( par.12)
>
> **
>
> Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy laws. (par. 21)
>
> **
>
> 'Class Member' means any person who is included within the definition of the class set out in paragraph 2. (par. 10)
>
> **
>
> Class Definition: All male inmates who on, or after February 12, 2002, have been subjected to defendant's policy and practice of strip searching a male inmate upon his return to the jail following a court appearance at which court appearance a specific case or charge against the inmate was dismissed when no other cases, charges, warrants or holds were pending against that inmate which warranted that inmate's continued detention at the jail. (par.2).

In the alternative, Plaintiff Reid requests this Court to enforce the terms and conditions of the Class Settlement Agreement and allow this matter to be decided by the Bankruptcy Court. On May 12, 2011, the underlying bankruptcy proceeding was reopened by Judge Hollis on May 12, 2011. (Exhibit 3, Dkt. 22 ). In the Agreement the parties provided for proper procedure for class members who "has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding. While Plaintiff Reid is a named plaintiff, he is also classified as a Class Member per the Agreement. (Exhibit B, par.10) (noting a class member is *any person* within the definition of the class and the class is defined as "*all males inmates* who on or after February 12, 2002..."). Since Reid falls within the definition of a "Class Member" pursuant to the Agreement he must receive the same protections afforded to "Class Members."

6

Paragraph 21 of the Agreement provides substantive procedural protection to "Class Members" who "has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, *and* payment is due to the "Class Member." Reid filed for Chapter 7 protection around March 2010. In May 2011, Reid subsequently recognized his inadvertent omission pertaining to his bankruptcy filing and presented the bankruptcy court with a Motion to Re-Open Case to File Amended Schedules B and C so that he could disclose his involvement in the above captioned litigation. (Exhibit C, Dkt. 18). At the time payment was due to Reid and before this Court denied Reid's incentive award, he had an open and ongoing bankruptcy proceeding. In accordance with Paragraph 21 of the Agreement, Defendants should be required to make the settlement payment to Mr. Reid " in accordance with applicable United States Bankruptcy laws." Under the Settlement Agreement, Jack Reid is entitled to receive a payment of Twenty-Five Thousand Dollars. Accordingly, since Mr. Reid has filed for bankruptcy, any payment to Mr. Reid ultimately should be decided under the United States Bankruptcy laws.

## CONCLUSION

Wherefore, Plaintiff requests this Court vacate the Order to Bar Plaintiff Reid from Taking Award, and transfer this matter to the Bankruptcy Court or in the alternative, conduct an evidentiary hearing to determine whether Reid inadvertently misrepresented or deliberately misled the courts regarding his stake in the above captioned litigation.

Respectfully Submitted,

*/s/ Thomas G. Morrisesy*
One of the Attorneys for Plaintiffs

10249 S. Western Avenue
Chicago, Il. 60643
Phone: 773-233-7900
Fax: 773-239-0387

Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington Street
Naperville, Il. 60540
Phone: 630-369-0103
Fax: 630-369-0195

8