# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1051 | **DATE** | 8/9/2011 |
| **CASE TITLE** | Bullock, et al. v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Jack Reid's motion for reconsideration [483] is granted to the extent discussed in this minute order. Accordingly, I vacate my earlier ruling granting defendant's motion to bar, and I leave the matter to be decided in the course of the proceedings currently pending before the bankruptcy court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In April 2011, defendants moved to bar plaintiff Jack Reid ("Reid") from receiving an incentive payment of $25,000 for his role as one of the class representatives in the instant lawsuit. Defendants argued that Reid was judicially estopped from receiving the payment because he failed to include the claim during earlier bankruptcy proceedings that ultimately resulted in a discharge of his debts. In an order dated May 23, 2011, I granted the motion.

Reid has moved for reconsideration of the order. In support of the motion, he has submitted sworn testimony that lend credence to his earlier unsupported statements that his failure to disclose the claim was inadvertent. Among other things, Reid avers (and defendants do not contest) that although he was involved in the initial stages of the litigation, he has had essentially no involvement with the suit since 2005. Reid also testifies that the period in question was one of significant hardship. As a result, he had no permanent address during this time, and at some points was living out of his van. Given the amount of time that had passed, and given the disarray into which his life had fallen during these years, his claim that he had forgotten about his claim in this suit at the time that he filed for bankruptcy is credible.

To be sure, courts have often applied judicial estoppel even where a plaintiff's failure to disclose a claim appears to have been entirely innocent. *See, e.g., Becker v. Verizon North, Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007)(citing *Cannon-Stokes v. Potter*, 453

**STATEMENT**

F.3d 446, 448 (7th Cir. 2006)); *Hawkins v. Securitas Sec. Services*, No. 09 C 3633, 2011 WL 2837269, at *1 (N.D. Ill. July 18, 2011). Nevertheless, "[j]udicial estoppel is an equitable concept" to be "invoked by a court at its discretion." *In re Airadigm Communications, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010) (quotation marks omitted). While courts are not required to consider a plaintiff's subjective intentions and motivations in deciding whether to apply judicial estoppel, neither are they prohibited from doing so. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") (quotation marks omitted). Under the circumstances present here, I vacate the May 23 order granting defendants' motion to bar.

However, in reviewing the instant motion, I have detected a problem that neither party raised in their briefing on the motion to bar – namely, that Reid no longer appears to be the proper party in interest here. This is because the claim at issue existed prior to Reid's bankruptcy. As such, the claim is part of Reid's estate, and the proper party in interest is the estate's trustee. *See, e.g.*, *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). If the trustee has abandoned the claim, Reid might have standing to assert it; but there is no evidence of abandonment by the trustee.

Whatever the ultimate facts on this point turn out to be, the parties' failure to address this issue makes it impossible for me to meaningfully adjudicate the dispute over the incentive payment. Since Reid has reopened proceedings in the bankruptcy court, and since resolution of the dispute turns on questions within the bankruptcy court's purview, the dispute over the incentive payment is most sensibly resolved in that forum.

Indeed, even if Reid were the proper party in interest, the dispute over the incentive payment still would most appropriately be settled in the bankruptcy court. As Reid points out, the parties' settlement agreement expressly provides that the claims of class members who have been declared bankrupt are to be handled in accordance with federal bankruptcy laws. *See* Settlement Agreement ¶ 21 ("Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy laws."). For this reason, too, the bankruptcy court is the appropriate forum for addressing the question of Reid's entitlement to the incentive payment.

Accordingly, I vacate my earlier ruling granting defendant's motion to bar, and I leave the matter to be decided in the course of the proceedings currently pending before the bankruptcy court.